UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA M. CATLETT,

    Petitioner,                                    Civil No. 05-CV-72890-DT
                                                  HONORABLE GERALD E. ROSEN
v.                                                    UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/

**ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL**

Before the Court is habeas petitioner Julia M. Catlett's motion for the appointment of counsel for her habeas petition. Respondent has yet to file a substantive answer to the habeas petition. In support of her motion for appointment of counsel, petitioner alleges that:(1) she has no money or assets; (2) the ends of justice cannot be met unless counsel is appointed to assist her with her habeas petition; (3) her claims were not addressed on the merits in the state courts and she will not be afforded due process of law unless counsel is appointed to assist her with properly preparing her claims of error for submission to this Court.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002); *Tapia v. Lemaster*, 172 F. 3d 1193, 1196 (10th Cir. 1999). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*,

1

806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a five page petition for writ of habeas corpus, in which she raises three claims for relief. Petitioner has also filed a twenty three page brief in support of the petition for writ of habeas corpus, in which she has cited to fifty seven federal and state cases and eight constitutional provisions, court rules, or statutes in her petition. Petitioner therefore has the means and ability to present her claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. §

3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel without prejudice. The Court will reconsider petitioner's motion if, following receipt of the responsive pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

## ORDER

Based upon the foregoing, the motion for appointment of counsel is **DENIED.**


s/Gerald E. Rosen
**Gerald E. Rosen**
**United States District Judge**

**Dated: August 17, 2005**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2005, by electronic and/or ordinary mail.**

s/LaShawn R. Saulsberry
**Case Manager**